O

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP 2 2 2014

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ALEXANDER NODARSE,<br><br>    Petitioner. | Case No. ED CV 14-1666 CJC (JCG)<br><br>**ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DENYING CERTIFICATE OF APPEALABILITY** |

    On May 15, 2014, petitioner Alexander Nodarse ("Petitioner"), in state custody and proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). Therein, Petitioner challenges the *same* 2007 state conviction and sentence he challenged in a 2009 habeas petition filed in Central District Case No. ED CV 09-1953 AHM (JCG). On May 2, 2011, the Magistrate Judge issued a report and recommendation in that case recommending dismissal of the petition with prejudice. On May 31, 2011, the District Judge issued an order adopting the report and recommendation and signed a judgment dismissing the petition with prejudice. Copies of the report and recommendation, order adopting the report and recommendation, and judgment are attached as Exhibits 1, 2, and 3, respectively.

    Petitioner appealed the report and recommendation, and that appeal was dismissed by the Ninth Circuit as premature. On January 28, 2013, the Ninth Circuit

denied Petitioner's Request for a Certificate of Appealability.

The Petition now pending is thus governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective April 24, 1996. Section 2244 of AEDPA provides, in pertinent part, as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*

28 U.S.C. § 2244(b) (emphasis added); *see also* Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals

2

authorizing the district to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

In *Felker v. Turpin*, the Supreme Court explained that this statute "simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court[.]" 518 U.S. 651, 664 (1996). This provision is jurisdictional; the district court cannot entertain a successive petition without prior approval from the Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (*per curiam*). The district court, therefore, either must dismiss a successive petition for lack of jurisdiction, or it may transfer the action, in the interest of justice, to the court where the action properly could have been brought. *Id.*; 28 U.S.C. § 1631.

The Petition now pending constitutes a second or successive petition challenging the same conviction and sentence as Petitioner's 2007 petition, within the meaning of 28 U.S.C. § 2244(b). Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing this Court to consider the instant Petition prior to its filing. Petitioner's failure to do so deprives the Court of subject matter jurisdiction. No factors appear which would make it preferable to transfer this case to the Court of Appeals, rather than dismissing it.[1]

For the foregoing reasons, **IT IS ORDERED** that this action be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

**IT IS FURTHER ORDERED** that a certificate of appealability be **DENIED**

//
//

---

[1] Specifically, Petitioner makes no "prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C).

[2] Accordingly, Petitioner's Request for Appointment of Counsel, [Dkt. No. 2], is **DENIED AS MOOT**.


1  because Petitioner has not shown that jurists of reason would find it debatable whether
2  this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473,
3  484 (2000).
4
5      **LET JUDGMENT BE ENTERED ACCORDINGLY.**
6
7
8  DATED: September 19, 2014      _____
9                  HON. CORMAC J. CARNEY
                UNITED STATES DISTRICT JUDGE